# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                              **Case No. 07-CR-14**

**DENNIS L. METALLO,**

    Defendant.

## ORDER DENYING MOTION FOR RELEASE

The defendant Dennis Metallo was arrested on December 27, 2006 and charged in a criminal complaint with, inter alia, use of a computer to attempt to persuade or induce a minor to engage in sexual conduct and distribution of child pornography. He made his initial appearance on December 28, 2006, and was temporarily detained. A detention hearing was conducted on January 3, 2007, at which time this court entered an order of detention based on the defendant's potential danger to persons in the community, if released. Based on the allegations contained in the complaint, and the proffer of the government, it appeared that the defendant had taken affirmative steps to induce a minor to come to this district to engage in sexual conduct and, further, that the defendant was prepared to act upon that inducement. The defendant was arrested at the airport where he allegedly expected to meet the minor, who turned out to be an undercover agent.

The grand jury returned a twenty count indictment against the defendant on January 17, 2007. The potential terms of imprisonment, if the defendant is convicted, vary on the counts, but the maximum on the inducement charge is life imprisonment.

On January 16, 2007, counsel for the defendant indicated that certain family members were prepared to post a $50,000 bond, secured by their residence in Kenosha, Wisconsin. Counsel has requested that the court hold a hearing on this request. The court will construe the request as a motion for release. The government has filed its response in opposition to the request. In addition to restating many of the section 3142(e) factors presented at the detention hearing, the government points out that under section 203 of the PROTECT Act, two of the offenses with which the defendant is charged trigger rebuttable presumptions of both danger to the community and risk of non-appearance.

In this case, the defendant's proffer of a $50,000.00 property bond would, in the opinion of the court, rebut the presumption of the risk of non-appearance. It would not, however, rebut the presumption of danger to the community. If fact, based upon the attendant circumstances, if released, there is more than just a presumption of danger; the defendant was apparently at the airport to meet the minor for the purpose of engaging in sexual activity, activity which he had encouraged by the prior transmission of child pornography to the undercover agent. Even under the strictest conditions, i.e. home confinement with electronic monitoring and prohibition regarding use of a computer, the court believes that the defendant will find some way to continue his improper activities. Therefore, he poses too much of a danger to minors in the community to be released on conditions. Continued detention is appropriate.

The defendant's motion for conditions of release is **denied.**

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 25th day of January, 2007.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE

2
Case 2:07-cr-00014-PP   Filed 01/25/07   Page 2 of 2   Document 13